The only question for this court to decide today is whether Mr. Hodgkiss is safety valve eligible under the First Step Act. This is a question of statutory interpretation, not guideline interpretation. Under the statute as relevant to this appeal, a defendant is only ineligible if he uses or possesses a firearm in connection with the offense of conviction. Because Mr. Hodgkiss did not use or possess a firearm in connection with the drug offense he actually pled guilty to, the April 6th distribution, he is eligible for statutory safety valve relief. Under 3553F2, offense is limited to and defined as offense of conviction. Here we have the helpful U.S. Supreme Court case of Huey. Huey was the Victim Witness Protection Act in interpreting what offense meant for purposes of that statute. There, the Supreme Court determined that offense, the question was clear cut and that the plain reading of the word offense was limited to offense of conviction. In fact, it was so clear there that the government conceded that offense meant offense of conviction. Other principles of statutory interpretation also support that offense under 3553F2 is limited to offense of conviction. We have Huey, and courts generally like to interpret similar words or phrases similarly in other statutes. But also, there's the principle that because in other sections of the statute, of the First Step Act statute, Congress was able to indicate that conduct would be disqualifying if it included relevant conduct. Under 3553F5, it includes the language of relevant conduct, same course of conduct. In other subsections, it explicitly referred to and asked that something be defined as it is in the guidelines. This court and the U.S. Supreme Court have stated when Congress can show that it will use certain language or have certain requirements under other subsections of the statute, that it's not willing to or it's not going to read in those same subsections when it's not included in that subsection. A similar principle is also that if offense under the statute meant offense of conviction, then these other subsections that explicitly refer to the definition of relevant conduct or explicitly tell courts and parties to refer to the guideline definition would be surplusage. There would be no reason to have those in there if offense clearly meant relevant conduct under the statute. The government points to and the district court relied upon the guideline commentary as somehow binding upon the statutory interpretation. This is improper. The Supreme Court and this court have both stated that the commission doesn't have the authority or the ability to amend a statute.  In Neal, there was a question of how to determine the mandatory minimum for purposes of drug weight with LSD. There was a Supreme Court decision that defined the statute and indicated there's a certain way to determine weight for LSD. And then the commission, through a commentary note, tried to change that, which was the argument. And the court in Neal said that the commission doesn't have the authority to do that. And they acknowledged that there's just two different animals when we're dealing with the guidelines and the statute, that the purpose of the guidelines is to set a rough approximation for sentences, and that it's the role of the legislature to determine these larger ranges, essentially what is the cliff or what should be the mandatory minimum in this case. For those reasons, we assert that offense is limited to offense of conviction. And under this definition, Mr. Hodgkiss is eligible for relief. What would be the practical effect here? It changes the statutory minimum? Yes. So what's the practical outcome that you seek? So to go back for resentencing, to allow Judge Pratt to potentially go below the mandatory minimum. Can you give me the numbers? What was the guideline range? I think it was 210 to 262, and it was a very large downward variance by Judge Pratt. To what? To 120 months, and that was the mandatory minimum in this case. Did he say anything about whether he would have gone lower but for the statutory penalty? He did not make, I don't believe, any explicit statement to that effect, but he was very interested about how far down can I go, and that's really what the sentencing hearing was about. There was also no statement otherwise, no statement stating if it's, you know. An alternative sentence. Right. Has this come up in any other circuit? Not that I've seen, Your Honor, and I did double-check, I think, last week, and I haven't seen it come up either. And quite frankly, practically, I don't think it's one that's going to come up very often. More often than not, I mean, not a whole lot of our clients are eligible for safety valve relief in general, but more often than not, the government at least requires or individuals generally plead to a conspiracy count. I think it's rare to see something like this where you're pleading to a single distribution. And because he did plead to a single distribution, and it's limited to offensive conviction, and there's no evidence to support that he used or possessed a firearm in connection with that single distribution, he is still eligible for relief. So you don't challenge the judge's conclusion that he was ineligible under the guideline? Right. For the two levels or whatever. Right. Is it two levels that you get off? Right. Under 5C1.2, so you don't argue that he gets those two levels, but you think the judge should be able to vary below 1.0 if he were so inclined? Yes. And what about the truthfulness component? Is that still an open issue? I think it's an open issue. The judge didn't make any finding on that, and I think the parties agree that the appropriate revenue would be to send it back down to allow the district court judge to engage in fact-finding in the first instance. Right. So we don't have a case on this point? Not that I have been able to find, Your Honor. So I was wondering about this Wright v. United States. So I think a lot of these cases are older cases. Yeah, it's a 1997 case. Right. As I read it, it seemed to reach a position contrary to your argument. So I don't think those cases are binding for this question of statutory interpretation because those cases do, when they're talking about safety valve eligibility, they'll cite the statute and they also cite the guideline. But in those cases, the argument was clearly about the two-level reduction because we're talking about pre-Booker. So it wasn't a case like this where the judge had the ability to vary downward. And Wright, it really was just about that two-level departure or two-level reduction, excuse me. So it's not controlling on the issue that is before the court today because it wasn't just a question. What we have here is a real separation of guidelines versus statute because the guidelines are mandatory and controlled. If there are no other immediate questions, I'd reserve the remainder of my time for rebuttal. You may. Ms. Roan, we'll hear from you. Thank you. May it please the Court and counsel, Ms. Quick. First of all, this issue regarding the defendant's eligibility for the safety valve has nothing to do with the passage of the First Step Act. In fact, at the time that the plea agreement was entered, most likely this First Step Act was not even contemplated. In fact, as a result of the First Step Act, it just meant that the defendant's ineligibility due to his number of criminal history points was taken off the table and no longer rendered him ineligible for the safety valve. That brought us then to the second issue, and that had to do with the issue of whether he possessed a firearm in connection with the offense, and that would be count one. As Judge Colleton, you pointed out in your questions regarding the guidelines range, this was a significant variance down when Judge Pratt found that the mandatory minimum did need to apply because of his ineligibility. And the government would like to talk about Huey and distinguish that for this court. In Huey, the sentencing guideline addressing restitution, which was at issue, and that was Guideline 5E1.1, said impose restitution to the full degree authorized by statute. That's what that guideline says. There was no like commentary to the guideline as we see it in our interpretation. Why is the guideline commentary relevant to what the statute means? Well, the guideline commentary is relevant because we know that guidelines are used to interpret the statutes. One of the things that Ms. Quick pointed out— How do we know that? One of the cases that I cited, the Johnson case out of the Middle District of Alabama in the 11th Circuit, it's now been published. And in that particular case, in a footnote, the court discusses the fact that, as Judge Pratt agrees, that the guidelines are used to interpret, though not specifically add to or conflict with the statutory provisions, sentencing provisions. And Judge Pratt found at the sentencing that he was, in fact, bound by the interpretation of the guideline. Why would a judge be bound by what the Sentencing Commission says when interpreting an act of Congress? Well, one of the things that Ms. Quick stated was because of the First Step Act, that somehow there isn't an applicable commentary that applies. But in this particular instance, whether he was correct in saying he was bound by it, he did find it appropriately to be guidance, and he used that as guidance. It seems to me that all you can really argue is that it's persuasive authority. It's not binding on anybody. Courts interpret statutes. Obviously, the Sentencing Commission is made up of people who are expert in the law of sentencing, and whatever they say in their commentary is persuasive authority, but they have no authority to amend a statute. And so we would look first, I think, right, to the statute, and we'd look at the statute itself, and we'd say, before we get to relying on the guideline commentary, would we say is there, like, ambiguity such that we should care about what the guideline commentary says, or is there a split in the circuits such that a court should look to the commentary for guidance on what people with expertise in the field might want to say about it, right? And so our real issue, I think, well, there are a lot of issues, but one of the issues I've got is that there is an argument that has been advanced that other parts of the statute are rendered mere surplusage if we rely upon the language of the commentary. Why is that argument wrong? Well, Your Honor, that argument is wrong because when we look, for example, in this case, even at the factual record, and we concern, we don't even necessarily need to get there. As the government pointed out in its brief, when we look at his factual basis around the plea agreement, we see that he did, in fact, admit that he possessed that firearm in furtherance of his drug trafficking. And this was a series, it was a multiple count indictment. He pled to count one, the first distribution of methamphetamine count, and he pled to count seven, which was the date of the search warrant and where he was found to possess cash as well as two firearms and drugs at the scene. In between, that was a stretch of only nine weeks, Judge Erickson, and in that time there was a, and it was represented in the intervening counts that were dismissed as part of the plea agreement, there was an ongoing pattern of controlled buys with this individual. So the fact that he then, in addition to that, supporting this factual basis and the charges in the indictment, he admitted that he possessed that firearm in furtherance of drug trafficking. So there's two issues here that are specific to this case, and that would be his admission, that factual basis, as well as, as Judge Colleton asked Ms. Quick, the fact that the practicality here is that his guideline range was 210 to 260. And even when, in applying and determining, as Judge Pratt did, that the safety valve was, he was not eligible for the safety valve because he found guidance and direction from that commentary note. Regardless, the statutory minimum being 120 months was a significant, significant downward variance. Yeah, but how do we know he wouldn't have gone down further? Well, we really don't, Your Honor. This goes back to the government's concurrence with Ms. Quick, the appellant, their position that it would need to be, this case would need to be remanded for the issue of whether there was a full debriefing under subsection F5. If there aren't any other questions, I'm going to yield the rest of my time, and I would ask that this court would affirm specifically on the facts of this case, and then remand for the second issue, as just stated. Thank you. Wait a minute. Affirm and remand? Affirm and remand, Your Honor. Excuse me. Affirm, and if not so, if you find in favor of the appellant, please remand additionally on a factual hearing regarding eligibility for safety valve under F5, which is a preponderance shown by the defendant. And the only case that the government could find on this issue is from a district judge in Alabama? That's right. That's correct, Your Honor. And you've cited that decision in the debrief? Yes, Your Honor. Well, it's obviously not controlling authority, but we'll look at it. It is not, Your Honor. It's persuasive. You're talking about U.S. v. Johnson. Correct, and as I mentioned, this is in a footnote, so it's not the subject matter of the main holding in the case. Oh, okay. But we'd ask the court to consider it. Let me just add, you mentioned an admission in the plea agreement that the firearm was possessed in furtherance of the offense of conviction? Was possessed in furtherance of his drug trafficking. His overall drug trafficking? Correct, his overall drug trafficking. And, Your Honor, as I was explaining in response to Judge Erickson But in your brief, there's a quotation from the, it says it's from the factual basis supporting his plea. It includes the statement that on June 18th, the defendant knowingly possessed these firearms in furtherance of the crime of possession with intent to distribute methamphetamine. So wouldn't that be, isn't that pretty close to what he was, if not the same, isn't that the offense he was convicted of? Yes, Your Honor, but it doesn't say offense of conviction or reference specifically to that count one. What? Well, I mean, as a factual matter, it's a statement that, an admission of the fact that the defendant possessed the firearms in furtherance of the actions for which he was convicted. All right. Why are you making a distinction between? I'm not sure. Was he convicted on the June offense or the April offense? He was not. He was convicted on count one, which was the April offense. So the part Judge Shepard read, as I heard it, was referring to in furtherance of a June transaction. Yes, specifically. So that was a stipulation in the plea agreement, even though he didn't plead guilty to that offense? I think I'm misunderstanding the question, and I apologize. So what page are you on? This is page seven of the red brief, and it says, it has a block quote, and it says it's from the factual basis supporting his plea to count seven. Is count seven what we're talking about in this case? Count seven is the 924C count. That is the possession of the firearm in furtherance of a drug trafficking offense. So he pled guilty to one drug count and one 924C count? Correct. But this issue only comes up on the drug count? That's correct. It only is at issue because of the – It's part of your argument here. Well, just to point that his factual basis, where he was admitting that he possessed in furtherance of drug trafficking. But to rely on that, would we have to accept your view that offense includes relevant conduct? Yes, Your Honor, you would, yes. Because it cannot be tied to the offense of conviction, right? Other than the firearm charge. The gun can't be tied to the April distribution. Well, factually, it can be if you look at his plea to 924C, factually, which was that he possessed in furtherance of drug trafficking on that date. I thought that was a June date. Yes, that's the – It says on the June 18th date of 2018, he knowingly possessed firearms in furtherance of the crime of possession of intent to distribute methamphetamine, which must necessarily refer to the June offense. And so the question is, it's got to be relevant conduct as to the April offense, doesn't it? Yes, it is. It is relevant conduct under the facts to the April offense. And then that gets us right back into the argument of opposing counsel that it's not appropriately there because of the statutory interpretation. That's right. And obviously, the appellant's position is that offense is restricted to offense of conviction under F-2 and uses Huey to support that. And we distinguish Huey because, again, back to the guideline. Well, wait a minute. Did you say earlier that there were also factual admissions in the plea agreement? No, there were not factual admissions in the plea agreement. I was referring to what the indictment was and the basis for those counts. So there's a factual basis that's admitted in the plea agreement. Judge Pratt appeared to me to accept the factual basis. Was there any other investigation? I don't recall. It's late in the week and all the cases start running together. Was there any other interrogation or questioning of the defendant by Judge Pratt on the facts at the sentencing hearing or the change of plea hearing? Excuse me, Your Honor. No, there was not. And I also wanted to specifically refer back to something that you mentioned before. And I believe you took issue that I used the word that he was bound by it. But quoting from the sentencing transcript, his position was he used the word, I believe I'm bound by it. Yeah, I believe that. Listen, I know Judge Pratt thought he was bound by it. I think he thought two things. There's a case floating around that's unsigned, Burke, that seems to implicate this issue. He may have been aware of that. And then, you know, there are a lot of issues on which the commentary to the guidelines actually does become sort of, as far as we're concerned, well, trial judges end up being concerned, the law of the case. But I don't think that technically that the commentary has force of law. I think the guidelines have force of law, but the commentary does not. Correct, Your Honor. And just to clarify, the government is not asserting that. I'm referring here to how Judge Pratt viewed it at the time. The government's stance is, as I pointed out in citing that Johnson case from the Middle District of Alabama in the 11th Circuit, that it serves as an interpretation and guidance for that. And, in fact, that guideline, it's not free. For that, for the statute or for the guideline? The guideline serves as guidance, yes. It's not binding, that it's not binding. And the government's not asserting that it's binding. Well, you were earlier in the argument asserting it, but the commentary is binding insofar as it's a proper interpretation of the guideline. It's binding under Stinson on guideline issues. But the question here is what effect it has when you're applying a statute. One thing about, yes, one thing about Note 3, that commentary. So you're now conceding that the guideline commentary is not binding when it comes to interpreting what the statute means. Is that what you're saying now? Yes. In fact, that's the government's position. It is not. And I apologize if it appeared that I was asserting that. What I was attempting to do is refer to the record where that's what Judge Pratt found that he was bound by. Yes, we understand. That's what the judge said. If I may, one thing about Note 3 as guidance. Note 3 to what? 5C1.2? Correct. 5C1.2. And that's the guideline. When you look at it, it's not just interpreting or commenting on the definition of offense at F2. It's also commenting on the definition and the phrasing, excuse me, on explaining the phrasing in F5, both of those, and says that it means the offense of both those phrasings in F2 and F5 mean both the offense of conviction and relevant conduct. Why do you refer to F2 and F5? Note 3 doesn't mention anything about an F2 or an F5. It refers to A2. A2 through 4 and then A5. And the guideline language specifically and exactly tracks the language of this particular statute, 3553F. I guess I'm hung up on whether there's some factual admissions here that are relevant. What about the PSR? What does it, two questions. What does it assert as the facts with respect to the discount of conviction, the drug conviction and the firearms? And were there objections to that, whatever that statement is? Your Honor, I don't have the specific provisions of the PSR in front of me. I can tell you that at the sentencing, in the transcript, the court does say that he concludes that it is relevant conduct, and he also states that he's reviewed the pre-sentence investigation report. Again, in the red brief, it says, The PSR likewise sets forth facts that Hotchkiss' possession of firearms was in connection with his drug offense. Hotchkiss did not object to this portion of the PSR. Yes, Your Honor. Are you able to elaborate on exactly what those facts are? I don't have the PSR in front of me, Your Honor, but the PSR did set out the relevant conduct that included those controlled purchases over that period of nine weeks. And also, of course, what was at the residence, the date of the search warrant, which was the offense date for count seven, which is the 924C count. Well, when you say in your brief that the PSR sets forth facts that Hotchkiss' possession of the firearms was in connection with his drug offense, what do you mean there by his drug offense? Meaning count one. What facts showed that he possessed a firearm in connection with count one? Well, the whole series of that window between April, the first count, and then in May when they conduct the search warrant, all through that time there was a series of controlled purchases showing that he was distributing methamphetamine through that time. The question was what facts show that he possessed a firearm in connection with the April offense. And you just said he was distributing drugs through that whole time. That's not responsive to what facts showed he possessed a firearm. Yes. There's nothing from the date that they conducted the search warrant. There were drugs there. There was cash there. But all of that was related to the date of the offense charged in count seven, the firearm. So when you say the PSR sets forth facts that Hotchkiss' possession of the firearms was in connection with his drug offense, you mean count seven? Meaning that other facts in the PSR regarding relevant conduct, which then loops us back to a circular analysis that loops us back to whether the court should have considered the relevant conduct. I'm a little confused. It seems to me like the only place I find the firearms actually being mentioned is in paragraph 46, which is all related to what they found on June 18th. Now there's a whole series of controlled by's, one, two, three, four, all the way through. So we've got this sort of continuous spectrum of drug activity. And then we have the firearms found when the search is actually effectuated. I don't see any other evidence that says that gun was possessed on any other occasion or in any other place or those guns. Is that true? It is true, Your Honor. There is no other evidence it was possessed on during any of that activity or on any of the other dates charged in the indictment. And so the argument is it's relevant conduct because it was found there. He was a drug trafficker. There were drugs, money scales, baggies, all the usual things there. And there was a continuous pattern of drug dealing, and therefore it is relevant to the offense of conviction. Correct. And going back to Judge Shepard, it's the government's belief that that's what Judge Pratt was looking at from the PSR when he determined that it was relevant conduct. Again, that doesn't address the issue that's de novo interpretation of the statute, whether that offense at F-2 is offense and nothing more. We'd urge that you would affirm the court's sentencing decision. Okay. Thank you for your argument. Did you have anything else, Judge Shepard? No. All right. Thank you for your argument. Ms. Quick, we'll hear from you in rebuttal. All right. I want to address the idea of deference and whether this should be considered persuasive authority. The court in Neal rejected this kind of argument. There they stated, we look at the statutory language. It's been interpreted to clearly mean one thing. The commission doesn't get to then try and change that, and that's not entitled to Chevron deference. In that case, it was framed as Chevron deference. But even if we were looking to that kind of deference, that only comes into play if the statute is ambiguous. Here the statute is clear, and we know it's clear from the Huey case. And also, it only is persuasive to the extent generally with Chevron deference when the regulation or whatever decision may be was formed and made with strict rulemaking or some kind of formal procedure. Here it's not even relying on the guideline language itself to try and interpret the statute. They're looking to the commentary, which isn't subject to the typical note and comment, that kind of procedure. See, I don't think anyone's argued that it's entitled to Chevron deference or deference of any kind. I think what people, at least what I've suggested, it's just persuasive authority, the same way that I saw a law review article. I mean, it's a nonjudicial proceeding by people knowledgeable in the area of the law, and that's all it is. Yes, and our position is that it's not persuasive authority, at least when the interpretation of the statute is so clear in our position. This just occurs to me. Why do you think, wouldn't your position be stronger if the statute said, possess a firearm in connection with the commission of the offense rather than the offense itself? I don't know if it would necessarily... No, we know that this does not simply refer to the statutory offense rather than the facts underlying it. We know it's limited based off of the Huey case and then that case. It was even, here it says the offense, which is more definite, I think, than the language in Huey, which was an offense. And there the court determined offense is limited to offense of conviction. It was the same general kind of argument. Offense is broader. Offense is everything there. It was a question of restitution, I think, like a mail fraud. And they had argued, well, it's broader. It's everything that criminal activity that was part of this criminal case. And there the Supreme Court said, no, it states offense, and that's limited to the statute or the count that you actually pled guilty to. So that's how we know it is that limited. I don't know if commission of the offense makes that big of a difference, Your Honor. Thank you. If there are no further questions, we would ask this court to reverse and remand for further proceedings. Thank you. All right. Thank you to both counsel for your arguments. The case is submitted and the court will file an opinion in due course.